**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **MICHAEL ANDERSON** <br> **D.O.C. #118644** | **CIVIL ACTION NO. 05-1350** <br> **SECTION P** |
| **VS.** | **JUDGE JAMES** |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Michael Anderson on or about May 18, 2005.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is presently incarcerated at the East Carroll Detention Center (ECDC) in Lake Providence, Louisiana, but when he filed his complaint, he was incarcerated at the Riverbend Detention Center (RDC), Lake Providence, Louisiana. Plaintiff complains of inadequate and delayed medical attention at these and other penal facilities. In his original complaint he named LDOC Secretary Richard Stalder, RDC Warden Alvin Jones, Louisiana Parole Board Chairman Fred Clark, Dr. Bailey of the East Carroll Parish Detention Center (ECDC), Douglas Williams, the Warden of the East Baton Rouge Parish Prison (EBRPP), Elayn Hunt Corrections Center (EHCC) Warden James LeBlanc, East Carroll Parish Sheriff Mark Shumate, the LDOC, the East Baton Rouge Parish Prison, the RDC, and the ECDC as his defendants.

In an Amended Complaint filed on March 8, 2006, plaintiff dismissed all of the

---

[1] Plaintiff filed his complaint in the United States District Court for the Eastern District of Louisiana. On July 25, 2005, the complaint was transferred to this court. [See Doc. 6]

1

defendants except LDOC Secretary Stalder who he sued in both his individual and official capacity as Secretary of the LDOC. However, elsewhere in the same pleading plaintiff named Sheriff Shumate as a defendant also.[2] Therefore, the undersigned concludes that the only remaining defendants are LDOC Secretary Stalder and East Carroll Parish Sheriff Shumate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons that follow, it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

In 1996, plaintiff was an inmate in the custody of the LDOC; he was incarcerated at EHCC where he began experiencing problems with his feet. He claims that the prison-issue "brogan shoes" caused his foot problems. He complained to the prison administration but his complaints were unheeded and he was transferred to various other LDOC institutions.

On March 30, 2002, he was released on parole and the condition of his feet began to improve until he got a job. On January 25, 2003, he was examined at the Baton Rouge General Hospital; on May 29, 2003, he was examined and treated at the Earl K. Long Hospital in Baton Rouge where he was given "observation for surgery."

Shortly thereafter, but before he could attend to the surgery, his parole was revoked. Notwithstanding his continued complaints, plaintiff was refused surgery by the various

---

[2] Plaintiff contends "...that Sheriff Shumate has failed to comply with the law and the authority delegated to him by the Director of the Department of Corrections to provide plaintiff with adequate (and proper) medical attention, care and treatment..." Thereafter he refers to Stalder and Shumate as "both defendants." [doc. 14, p. 3]

2

institutions where he has been incarcerated since his parole revocation.

He claims that on December 14, 2003, he submitted an Administrative Remedies Procedure Grievance to the administration at RDC demanding immediate emergency surgery. [Doc. 1-3, pp. 1 -2] On the same date he claims to have submitted an Emergency Administrative Remedy Procedure Grievance to the LDOC. Therein he demanded his transfer to a "...D.O.C. medical hospital so that this matter can be taken [care] of..." [Doc. 1-3, p. 6]

Plaintiff signed his complaint on March 16, 2005. [Doc. 1-1, p. 8] However, it was not received and filed in the United States District Court for the Eastern District of Louisiana until July 18, 2005. Plaintiff requested that he be taken to an LDOC medical institution "for observation." In the alternative, he asked to be released and to have his parole reinstated so that he might attend to his medical needs himself, and then returned to prison to complete his sentence. [Doc. 1-1, p. 7]

In a letter received November 9, 2005, plaintiff advised that he was sent to the E.A. Conway Hospital on October 14 and 28, 2005, where RDC Warden Jones "arranged for plaintiff to have surgery." Plaintiff however further suggested that the appointments were cancelled and that he has still been denied proper medical care. [Doc. 9]

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff was ordered to amend his complaint to provide specific information. Among

other things, plaintiff was directed to provide evidence to establish that the supervisory officials he named as defendants were either personally involved in the acts or omissions causing him harm, or to provide evidence that these supervisory officials implemented unconstitutional policies which resulted in the harm complained of. Further, plaintiff was directed to cure the ambiguities noted in his complaint with regard to the exhaustion of administrative remedies.

Plaintiff responded to the order; however, he provided little in the way of facts and instead submitted a complaint rife with conclusory allegations. Nevertheless, it appears that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. Sovereign Immunity

It has long been established that a state and its agencies are not "persons" under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 50, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Further, a lawsuit against a government official in his official capacity is treated as a lawsuit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996).

Unless Louisiana has waived its sovereign immunity, the Eleventh Amendment of the Constitution provides immunity to states from federal court lawsuits brought by private persons. *Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir.1990). Louisiana has not waived its Eleventh Amendment immunity. LSA R.S. 13:5106(A); *Cozzo v. Tangipahoa Parish-Council-President Government*, 279 F.3d 273, 281 (5th Cir.2002).

The Eleventh Amendment bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. See *Vogt v. Bd. of Comm'rs of the Orleans Levee District*, 294 F.3d 684 (5th Cir.2002). The Fifth Circuit has previously analyzed the status of the LDOC and it has determined that the Department is protected by the Eleventh Amendment from lawsuits brought in federal court. See *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir.1999). The LDOC has not waived its immunity. See LSA R.S. 13:5106(A). Plaintiff has sued LDOC Secretary Richard Stalder individually and in his official capacity. [doc. 14, p. 1] To the extent that he is sued in his official capacity, such a claim must be dismissed on the basis of sovereign immunity.

3. Supervisory Defendants

Further, to the extent that plaintiff has sued Stalder and Shumate in their individual capacities, the allegations suggest that these defendants were sued in their supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff has named Stalder and Shumate as defendants, he must demonstrate either personal involvement or the implementation of unconstitutional policies by

6

those defendants.

With regard to the liability of Secretary Stalder, plaintiff alleged that he "...is responsible for ensuring that all state prisoners sentenced to his custody are provided with proper medical attention, care, and treatment." [doc. 14, p. 2] He alleged further, that "ECDC is owned and privately operated by Mark Shumate, Sheriff of East Carroll Parish, Louisiana ..." and "...is operated under contract with the Louisiana Department of Public Safety and Corrections ... Sheriff Shumate has been designated and/or delegated the authority by Defendant Stalder to ensure that all state prisoners under his care custody and control are provided with adequate medical attention." [*id*., p. 3]

Plaintiff has alleged no personal fault on the part of Stalder or Shumate. It thus appears that Stalder and Shumate were faulted because of their supervisory roles. Further, there appear to be no allegations of fault with respect to the implementation of policy on the part of these defendants. Supervisory officials cannot be liable merely for failing to adopt policies to prevent constitutional violations; however, they can be held liable when they affirmatively adopt policies which are wrongful or illegal. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir.1981).

### 4. Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to

7

a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. The information submitted by the plaintiff does not reveal that he was ever subject to a "substantial risk of serious harm."

More importantly, plaintiff has not shown that Stalder and Shumate were aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that Stalder and Shumate actually drew such an inference and that their response to his complaints indicated that they subjectively intended that harm occur to him. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

In addition, whether the defendants "should have perceived" a risk of harm to plaintiff,

8

but did not, is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

In short, to the extent that plaintiff states a claim arising under the Eighth Amendment, the facts alleged herein do not establish that the remaining defendants, Stalder and Shumate, were deliberately indifferent to this serious medical need. Plaintiff's claim is therefore frivolous and dismissal on that basis is recommended.

### 5. Exhaustion of Administrative Remedies

Finally, plaintiff's allegations concerning exhaustion of available administrative remedies are ambiguous at best. Plaintiff was specifically directed to clarify this issue. In his amended complaint he alleged, "Plaintiff prays this court will deem this 'Amended' complaint adequate and sufficient and issue order <u>allowing him to proceed with his civil claims without first having to exhaust his administrative remedies which has also been 'deliberately' ignored</u> by both Defendants (Stalder and Shumate)..." [doc. 14, p. 4]

Plaintiff's ambiguous response does not affirmatively demonstrate that he has exhausted all available administrative remedies before proceeding in this court. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows:

9

> (a) Applicability of Administrative Remedies – No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The undersigned notes that most institutions employ a multi-staged procedure which requires an inmate to appeal negative decisions to progressively higher authorities. Further, these rules typically provide that ARP's which are ignored should be deemed denied when the limits for a timely response expire. See LSA R.S. 15:1171 *et seq*.; 22 LA ADC Pt. I, § 325 (LAC 22:I.325); LR 28:857 (April 2002) (28:4 La.Reg. 857). In relevant part, the regulations governing administrative remedies for prisoners in the custody of the Louisiana Department of Public Safety and Corrections provide:

> G. Process
>
> 1. First Step (Time Limit 40 days)
>
> a. <u>The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought</u> ... This letter should be written to the warden within 30 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP Screening Officer and a notice will be sent to the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. <u>The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.</u>
>
> b. For inmates wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

> 2. Second Step (Time Limit 45 days)
>
> a. <u>An inmate who is dissatisfied with the First Step response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Screening Officer within 5 days of receipt of the decision</u>. A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. A copy of the Secretary's decision will be sent to the warden.
>
> \*   \*   \*
>
> 4. Deadlines and Time Limits
>
> a. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, <u>expiration of response time limits shall entitle the inmate to move on to the next Step in the process</u>. Time limits begin on the date the request is assigned to a staff member for the First Step response.

Exhaustion, as defined by 42 U.S.C. §1997e, does not occur until all steps have been sequentially and properly utilized. The documents submitted by the plaintiff which purport to be his grievances are all dated December 14, 2003. Plaintiff has not provided the responses from either the prison administration or the LDOC; nor has he specifically and unequivocally alleged that these entities failed to respond. As noted in the Memorandum Order, since all of the ARP's are dated December 14, 2003, it seems unlikely that plaintiff exhausted the claims sequentially as required by Louisiana law.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted

pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii); or, in the alternative

**IT IS RECOMMENDED** that plaintiff's civil rights action be dismissed for failing to exhaust available remedies prior to the institution of this litigation pursuant to the provisions of 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE